IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VALERIA BURNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:22-CV-446-ECM-KFP |
| | ) |
| CITY OF ANDALUSIA POLICE | ) |
| DEPARTMENT and CHARLIE JOE | ) |
| SCOTT, | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is the pro se Complaint filed by Valeria Burnett. Doc. 1. This case has been referred to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." Doc. 3.

Federal district courts are courts of limited jurisdiction and are authorized by the United States Constitution or by statute to hear only certain types of actions. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2012). Federal courts are obligated to inquire into subject matter jurisdiction sua sponte "at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Rule 12(h)(3) of the Federal Rules of Civil Procedures requires dismissal if a court at any time determines that it lacks subject matter jurisdiction.

Burnett alleges in the Complaint that a vehicle driven by Defendant Charlie Joe Scott, an investigator for the City of Andalusia Police Department, struck her vehicle from behind while she was at a complete stop, causing her to suffer various physical, economic, emotional, and mental damages. Based on these allegations, Plaintiff's claim does not raise a question of original federal question jurisdiction that extends to "all civil actions arising under the Constitution, laws, or treaties of the United States," as required by 28 U.S.C. § 1331. Also, federal jurisdiction cannot be based on diversity of citizenship under 28 U.S.C. § 1332(a)(1) and (2). Although Plaintiff does not specify the amount of damages she is seeking, even if the amount in controversy exceeds $75,000, there are no allegations that Plaintiff and Defendants are citizens of different states.

For these reasons, the undersigned RECOMMENDS that this case be dismissed before service of process due to lack of subject matter jurisdiction.

It is further ORDERED that on or before **November 2, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 19th day of October, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE